# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 5, 2009

Charles R. Fulbruge III
Clerk

No. 09-30070

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JEFFERSON DANIELS

Defendant-Appellant

Appeals from the United States District Court for
the Eastern District of Louisiana
No: 2:08-CR-104-1

Before GARWOOD, DAVIS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant Jefferson Daniels appeals his felon in possession of a firearm conviction in violation of 18 U.S.C. §§922 (g)(1) and 924 (a)(2). For reasons explained below, we affirm the judgment of the district court.

I.

On March 28, 2008, Tangipahoa Sheriff's Deputy Womack stopped Jefferson Daniels for a traffic violation on Interstate 55. Immediately after making the stop, Deputy Womack observed that Daniels was exceedingly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nervous: his hands shook and his voice quivered. During routine questioning, Deputy Womack asked Daniels if he had any prior arrests, convictions, or citations. Daniels told him that he had none. Yet when Deputy Womack returned to the cruiser to write the citation and to run the criminal histories of the occupants of the vehicle, he discovered that Daniels was a convicted felon. Returning to the vehicle, Deputy Womack asked Daniels if he had anything illegal in his car, any weapons, illegal drugs or large amounts of money. Daniels, then, told Deputy Womack that he had $2,000 dollars in his car but that he had nothing illegal. After Daniels' response, Deputy Womack concluded that Daniels' extreme nervousness and his lie about not having prior felonies were suspicious. Deputy Womack asked for Daniels' written consent to search the vehicle which Daniels gave.

During the search, Deputy Womack discovered a black duffel bag and two backpacks inside the trunk. When he unzipped the duffel bag's side pocket, Deputy Womack found a Ruger P94. 9mm semi-automatic handgun. Deputy Womack asked the occupants of the car who owned the duffel bag. When Daniels acknowledged that it was his, Deputy Womack arrested Daniels for being a felon in possession of a firearm. After arresting Daniels, Deputy Womack continued to search the duffel bag and found a bag of currency totaling $15,000. Deputy Womack also discovered marijuana on the person of one of Daniels' passengers.

Daniels was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. §§922 (g)(1) and 924 (a)(2).

On August 18, 2008, Daniels filed a motion in limine to exclude testimony pertaining to the drugs and the currency seized during the traffic stop. The district judge granted Daniels' motion. In its order, the court reasoned that under Federal R. Evid. 404(b), the probative value of evidence suggesting that Daniels was involved in drug trafficking and knowingly possessed the firearm

as a tool of the drug trade was substantially outweighed by the evidence's unduly prejudicial effect.

On August 25, 2008, the morning of trial, the government sought to introduce the evidence of the currency. In making its proffer the prosecution argued that the evidence of the money was relevant to Daniels' credibility and showed that Daniels had lied to a police officer during the traffic stop. This use of the money evidence had not been addressed in the district court's order granting defendant's motion in limine. Without objection from the defendant, the district court permitted the government to introduce Daniels' statement about having only $2,000 in his possession along with the officer's testimony that he discovered $15,000 in the bag.

At trial Daniels' girlfriend testified that the gun was hers and that she had put it in Daniels' bag without his knowledge. However, the jury also heard a recording made after Daniels' arrest in which Daniels' girlfriend admitted that Daniels had put the gun in the bag. The jury also saw photos of the contents of the bag that included not only the firearm and currency but what appeared to be Daniels' clothing and other personal effects.

The following day, Daniels was found guilty for being a felon in possession of a firearm, in violation of 18 U.S.C. §§922 (g)(1) and 924 (a)(2).

## II.

Daniels argues first that the district court erred in admitting evidence related to the money Deputy Womack discovered. While Daniels' motion in limine objected to the prosecution's attempt to offer the money and drug residue as evidence of Daniels' participation in drug trafficking, the defendant did not object when the prosecution sought to offer the money as evidence of Daniels' credibility. Because the defendant did not object to this offering, we review for plain error. To show plain error, the appellant must show an error that is clear or obvious and that affects his substantial rights. *United States v. Baker*, 538

F.3d. 324, 332 (5th Cir. 2008). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The district court explained her reason for admitting the money evidence as follows:

> My main concern with the money was the drug implications of that. If there's a different issue that [Deputy Womack] asked [Daniels] how much money he had and he lied about it, I think that evidence can come in that, in fact, an amount of money was recovered far in excess of that So to that extent I will admit the evidence that the money recovered was in excess of the amount that admitted having on him, but we're not having any drug dogs. We're not having any discussion of drug residue. This simply goes to the issue of credibility of the defendant and his response to the law enforcement officers . . . The argument is the money goes to the credibility of the defendant. We're not arguing that these are tools of the trade and that this makes it more likely for [Daniels] to have a gun.

Trial Record, p. 350–351. The government had the burden of establishing that the defendant knowingly possessed a firearm. Evidence of the defendant's false statement about what he possessed could be viewed as designed to persuade the officer to refrain from searching him or his bags. This is circumstantial evidence of guilty knowledge of the contents of his bags that he did not want to disclose.

The district court committed no error, plain or otherwise, in admitting this evidence.

### III.

Daniels also argues that the prosecutor's erroneous statement in closing arguments warrants reversal. At trial, Deputy Womack testified that he discovered the gun inside a bag in the trunk. After finding the weapon, Deputy Womack asked the occupants of the car who owned the bag. When Daniels

stepped forward and acknowledged that the bag was his, Womack arrested him for possession of a firearm by a felon. Trial Record, p. 404. During the prosecution's closing argument, the following exchange took place:

**Mr. Cox**:
>What did Deputy Womack tell you? Deputy Womack told you he saw the gun. He said, "Who does the gun belong to?" [Daniels] raised his hand. Before any consultation with [passenger]Ms. Brown, Ms. Cynthia Brown, he raised his hand. "My gun." He knew about it. That what he's charged with, being a convicted felon in possession of a firearm.

**Mr. Scillitani**:
>Your Honor, I want to lodge an objection. That is not the testimony that came out here in the trial today. There was no testimony with regard to my client ever possessing that weapon.

**Mr. Cox**:
>Your Honor, it did. In fact, he asked, "Who does the gun belong to," and the defendant raised his hand on the scene.

**Mr. Scillitani**:
>That's an incorrect statement.

**Mr. Cox**:
>On the scene. This is during Deputy Womack's direct examination.

**The Court**:
>I don't remember that. Ladies and gentlemen, you're going to have to rely on your memory for the evidence as to what the evidence was.

**Mr. Cox**:
>Ladies and gentleman, again, you–all are the trier – excuse me. You are the finder of fact. You will

5

> determine what exactly was said during the testimony. You can review your notes. You can consult. Collectively, you must determine whether or not this man, Jefferson Daniels, was in possession of that gun that morning.

Trial Record, 543–544. On appeal, Daniels maintains that the impropriety of the prosecution's actions casts doubt on the jury's verdict.

Because counsel objected during the prosecutor's closing argument, the standard of review is whether the defendant's substantial rights have been prejudiced. *United States v. Fierro*, 38 F.3d 761, 771 (5th Cir. 1994).

When prosecutorial misconduct is reviewed on direct appeal, this court looks at the magnitude of the prejudicial effect of the statements, the efficacy of any cautionary instructions, and the strength of the evidence of defendant's guilt. *United States v. Mendoza*, 522 F.3d 482, 492 (5th Cir. 2008) (citations omitted). The prosecution obviously erred in recounting the testimony in that he stated that Daniels admitted the gun belonged to him when, in fact, Daniels only admitted the bag holding the gun was his. But the defendant's objection called this error to the jury's attention and the court's instruction focused the jury on its duty to recall the evidence on this point. Furthermore, the evidence as outlined above firmly supported a conviction. We see no indication that this was intentional misconduct or that the defendant suffered prejudice from the prosecutor's argument.

For the reasons stated above, the judgment of conviction is affirmed.


AFFIRMED